## Commonwealth v. Vannerson.

(Decided April 28, 1925.)

### Appeal from McCracken Circuit Court.

1. Homicide—Instruction Defining Voluntary Manslaughter should have been Given in Prosecution of Officer for Murder of Escaping Prisoner.—In prosecution of police officer for murder of an escaping prisoner, court, in addition to instructions submitting defendant's guilt for murder and voluntary manslaughter, should have given an instruction defining voluntary manslaghter by a wanton, reckless use of a deadly weapon.

2. Homicide—Evidence Held Not to Authorize Instruction on Involuntary Manslaughter.—In prosecution of police officer for murder of escaping prisoner, evidence held not to authorize instruction on involuntary manslaughter.

FRANK E. DAUGHERTY, Attorney General, and JACK E. FISHER·for appellant.

BEN S. ADAMS for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Certifying the law.

A. R. Steele, Robert Vannerson and O. T. McCage were jointly indicted by the grand jury of McCracken county for the murder of George Brittain. The indictment in separate counts charged each of the defendants with ·being the principal and the others with being present aiding and abetting. Defendant, Robert Vannerson, was put on trial and the jury found him not guilty. The Commonwealth prosecutes this appeal for a certification of the law.

In so far as is necessary, in considering the question presented by the appeal, the facts briefly are these: Defendant, Robert Vannerson, was a county patrolman of McCracken county. Steele and McCage were policemen of the city of Paducah. They, together with other policemen, had raided the house of Pearl Brewer outside of but near the city limits of Paducah. A number of men

and women at the house were put under arrest, George Brittain being among them. The patrol wagon had been called and as the officers were loading the prisoners into it Brittain attempted to escape by running away. A number of shots were fired and the three defendants admitted that they took part in the shooting. Testimony from a number of witnesses tended to establish that all three of the defendants were shooting at the fleeing prisoner. Each of the officers for himself testified that he did not shoot at Brittain but merely discharged his pistol into the air for the purpose of frightening the prisoner and causing him to obey their commands to halt. The testimony of the defendant McCage tended to establish that defendant Vannerson fired the shot that killed Brittain, while Vannerson's testimony tended to establish that McCage fired the fatal shot. Steele did not profess to know the direction in which either of the other officers were firing their pistols, except as to one shot fired by Vannerson which he saw fired into the air, and he testified that such shots as he fired were fired into the air. It appears from the testimony that there were fired from six to ten or twelve shots in all. A .38 calibre lead ball struck Brittain, entering the back, passing straight through him on a level and lodging just under the skin immediately below the left nipple. He died almost instantly, the bullet evidently having passed through his heart.

The Commonwealth contends that the trial court did not give the whole law of the case. The instructions given are not criticised. Instruction No. 1 aptly submitted to the jury the question of Vannerson's guilt of murder by killing Brittain himself wilfully, feloniously, and with malice aforethought, or by so aiding and abetting either Steele or McCage so to do. Instruction No. 2 aptly submitted to the jury the question of Vannerson's guilt of voluntary manslaughter by killing Brittain or by aiding and abetting either Steele or McCage to kill him in sudden heat and passion or in a sudden affray and without previous malice. The usual reasonable doubt instruction was given. The usual instruction that if the jury believed defendant guilty but had a reasonable doubt as to whether he was guilty of murder or vountary manslaughter they should find him guilty of the lesser offense. The other instructions given defined the terms used required to be defined in such cases

as this. It is insisted for the Commonwealth that the court should have given an instruction defining voluntary manslaughter by the wanton, reckless use of a deadly weapon.

George Brittain had been put under arrest for a misdemeanor. The officers who had him in charge had no right to kill him to prevent his escape. Three of them were firing their pistols. Each of them claims to have fired his pistol into the air and without any intention of striking or wounding or killing deceased. One of them killed him. His death was the result either of a shot fired at him with the intent to wound or kill him, or was the result of a shot intentionally fired by some one of the defendants while handling a pistol, a deadly weapon, in a reckless, wanton or grossly careless manner. If the shot that killed Brittain was fired at him with the intention to strike, wound or kill him, whoever fired the shot was guilty either of murder or voluntary manslaughter, according to the circumstances, and any who aided and abetted the one so doing was likewise guilty. Instructions Nos. 1 and 2 given properly submitted those questions to the jury. No instruction was given authorizing the jury to punish defendant as guilty of voluntary manslaughter in the event they should believe from the evidence beyond a reasonable doubt that the shooting and killing of deceased, if done by defendant, was the direct and natural, though unintentional result of a reckless, wanton or grossly careless use or handling or firing of the pistol by defendant. In addition to the instructions given, the court should have given the following:

"Although the jury may not believe from the evidence beyond a reasonable doubt that defendant has been proved guilty of murder, as defined in instruction No. 1, or of voluntary manslaughter, as defined in instruction No. 2, yet, if you believe from the evidence beyond a reasonable doubt that the defendant Vannerson shot and killed deceased and that the shooting and killing was the direct and natural, though unintentional, result of a reckless, wanton, or grossly careless use and handling or firing of a pistol by the defendant, when he knew it was dangerous to life if so used, handled or fired by him, they should find him guilty of voluntary manslaughter and fix his punishment as defined in instruction No. 2."

Nothing in the evidence herein would have authorized the court to give an instruction on involuntary manslaughter. The three defendants were intentionally firing deadly weapons. The man Brittain who was killed was in their immediate vicinity and in plain view. The pistol from which the bullet was fired that struck and killed Brittain necessarily was pointed directly at him when discharged. The exercise by him of slightest care would have made known to him the fact that the pistol he was in the act of firing intentionally was pointed directly at Brittain, and that the shot being fired would result in his death. Hence the gross carelessness. Under the facts of this case, the recklessness and carelessness upon the part of whoever fired the shot that killed George Brittain, since it was intentionally fired, was too great to admit of a reduction of the crime to involuntary manslaughter. Therefore, it would have been improper in this case to instruct on involuntary manslaughter.

The foregoing is certified as the law of the case.